IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WELLS FARGO BANK AS SERVICING AGENT FOR THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR NAAC REPERFORMING LOAN REMIC TRUST CERTIFICATES, SERIES 2004-R1**<br>　　　**Plaintiff**<br><br>　v.<br><br>**J.C. HALL a/k/a JOHN C. HALL, KELLY HALL, GAIN G. STINSON, GEORGANN G. STINSON, DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE, TEXAS WORKFORCE COMMISSION, TRINITY VALLEY FOODS, INC., CA NEW PLAN FIXED RATE PARTNERSHIP, L.P., EARL GORDON, MIDLAND FUNDING, LLC ASSIGNEE OF ASPIRE VISA, PATRICK O'CONNOR & ASSOCIATES, LLP,**<br>　　　**Defendants** | **Civil Action No. 3:16-cv-2424** |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** Plaintiff Wells Fargo Bank, N.A. as servicing agent for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for NAAC Reperforming Loan REMIC Trust Certificates, Series 2004-R1 ("Plaintiff"), and files this, its Original Complaint, complaining of Defendants J.C. Hall a/k/a John C. Hall, Kelly Hall, Gain G. Stinson, Georgann G. Stinson, Department of the Treasury-Internal Revenue Service, Texas Workforce Commission, Trinity Valley Foods, Inc., CA New Plan Fixed

Rate Partnership, L.P., Earl Gordon, Midland Funding, LLC Assignee of Aspire Visa, Patrick O'Connor & Associates, LLP and respectfully shows the Court as follows:

## I.

## THE PARTIES AND SERVICE

1. Plaintiff Wells Fargo Bank N.A. as servicing agent for The Bank of New York Mellon f/k/a The Bank of New York as Trustee for NAAC Reperforming Loan REMIC Trust Certificates, Series 2004-R1 ("Plaintiff") is a national bank with its main office in South Carolina. Its citizenship is determined by the location of its main office. 28 U.S.C. § 1348. Plaintiff is a citizen of South Carolina for purposes of diversity jurisdiction.

2. Defendant J.C. Hall a/k/a John C. Hall is an individual and resident of Texas, who may be served with process at 1521 Mossy Rdg, Desoto, Texas 75115 or such other place as he may be found. Summons is requested.

3. Defendant Kelly Hall is an individual and resident of Texas, who may be served with process at 1521 Mossy Rdg, Desoto, Texas 75115 or such other place as she may be found. Summons is requested.

4. Defendant Gain G. Stinson is an individual and resident of Illinois, who may be served with process at 12 E. Anchor Drive, Oswego, Illinois, 60543 or such other place as she may be found. Summons is requested.

5. Defendant Georgann G. Stinson is an individual and resident of Illinois, who may be served with process at 12 E. Anchor Drive, Oswego, Illinois, 60543 or such other place as she may be found. Summons is requested.

6. Defendant Department of the Treasury-Internal Revenue Service holds multiple tax liens against co-Defendants J.C. Hall a/k/a John C. Hall (Identifying Number -2828) and Kelly Hall

(Identifying Number -9666) recorded in the Dallas Real Property Records, where the property subject to this suit is located. Defendant Department of the Treasury-Internal Revenue Service may be served with process at 1) United States Attorney's Office, 1100 Commerce Street, Third Floor, Dallas, TX 75242 and 2) United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001. Summons are requested.

7.     Defendant Texas Workforce Commission filed multiple liens co-Defendants J.C. Hall a/k/a John C. Hall (Identifying Number -2828) and Kelly Hall (Identifying Number -9666) recorded in the Dallas Real Property Records, where the property subject to this suit is located. Defendant Texas Workforce Commission may be served with process care of Paul N. Jones, General Counsel, 101 E 15th Street, Austin, Texas 78778-0001. Summons is requested.

8.     Defendant Trinity Valley Foods, Inc. recorded its Abstract of Judgment against co-Defendant John C. Hall in the Dallas Real Property Records, where the property subject to this suit is located. Defendant Trinity Valley Foods, Inc. may be served with process care of Capitol Corporate Services, Inc., 206 E. 9th Street, Suite 1300, Austin, TX 78701-4411.

9.     Defendant CA New Plan Fixed Rate Partnership, L.P. recorded its Abstract of Judgment against co-Defendant John Hall in the Dallas Real Property Records, where the property subject to this suit is located. Defendant CA New Plan Fixed Rate Partnership, L.P. may be served with process care of Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218. Summons is requested.

10.    Defendant Earl Gordon recorded his Abstract of Judgment against co-Defendants John Hall and Kelly Hall in the Dallas Real Property Records, where the property subject to this suit is located. Defendant Earl Gordon may be served with process care of Adorno, Toss White & Wiggins, 901 Main Street, Suit 6200, Dallas, Texas 75202. Summons is requested.

11. Defendant Midland Funding, LLC Assignee of Aspire Visa recorded its Abstract of Judgment against co-Defendant John Hall in the Dallas Real Property Records, where the property subject to this suit is located. Defendant Midland Funding, LLC Assignee of Aspire Visa may be served with process care of Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218. Summons is requested.

12 Defendant Patrick O'Connor & Associates, LLP recorded its Abstract of Judgment against co-Defendant Kelly Hall in the Dallas Real Property Records, where the property subject to this suit is located. Defendant Patrick O'Connor & Associates, LLP may be served with process care of Patrick O'Connor, 2200 North Loop West #200, Houston, TX 77018. Summons is requested.

## II.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to accelerate the debt at issue in this cause and foreclose upon real property which secures that debt pursuant to a Security Instrument (the "Property"). When the right to property is questioned, the value of the property controls the amount in controversy. *Williams v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-CV-752, 2012 WL 695796, at *4 (E.D. Tex., Feb. 9, 2012); see also *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977) (citing *Peterson v. Sucro*, 93 F.2d 878, 882 (4th Cir. 1938) (finding that "it is the value of the property rather than the claim of the contending parties which fixes the amount in controversy for purposes of jurisdiction.")). The value of the Property exceeds $75,000.00 in the present case. The Dallas County Tax Office values the Property at $95,060, in excess of $75,000.00.

14. Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. Section 1391(b)(2), because a substantial part of the events and omissions that give rise to the controversy occurred in this Division and District. Plaintiff, or its predecessors in interest, and Defendants entered into contracts in this Division and District, and the Property is located in Dallas County, which is within this Division and District.

### III.

### FACTS

15. On or about May 19, 1987, Defendants Gain G. Stinson and Georgann G. Stinson ("the Stinsons") executed a Deed of Trust Note (the "Note") in the principal amount of $89,579.00 in favor of Old Stone Mortgage Corporation ("Old Stone"). A true and correct copy of the Note is attached hereto as Exhibit 1. Concurrently with the execution of the Note, the Stinsons also executed a Deed of Trust ("Deed of Trust"), as grantors, granting Old Stone a secured interest in certain real property and improvements located in Dallas County commonly known as 7335 Dillon Street, Houston, Texas 77061 ("Property"), and more particularly described as follows:

> LOT 8, BLOCK B, CREEK TREE ESTATES, PHASE IV, AN ADDITION IN THE CITY OF DESOTO, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 85166, PAGE 2180, MAP RECORDS, DALLAS COUNTY, TEXAS.

A true and correct copy of the Deed of Trust is attached hereto as Exhibit 2.

16. Plaintiff is the current owner and holder of the Note and Deed of Trust pursuant to the series of endorsements and assignments originating from Old Stone. A true and correct copy of the chain of assignments is attached hereto as Exhibit 3.

17. On or about May 19, 1995, Defendants J.C. Hall a/k/a John C. Hall and Kelly Hall (the "Halls") executed a Deed of Trust to Secure Assumption, assuming the Note and Deed of Trust executed

by the Stinson and naming the Stinsons as Beneficiary. A true and correct copy of the Deed of Trust to Secure Assumption is attached hereto as Exhibit 4.

18. The Stinsons and the Halls have defaulted on their obligations to Plaintiff under the Note, the Deed of Trust, and the Deed of Trust to Secure Assumption by failing to make timely payments under the Note's terms. Notice of default was provided to the Stinsons and the Halls. The timeline to cure has passed and the Note remains due and payable for the May 1, 2011 payment and every payment that has become due since May 1, 2011.

## IV.

### CAUSE OF ACTION: FORECLOSURE OF THE LIEN

19. The preceding paragraphs are incorporated herein for all purposes.

20. The Note was made to acquire the Property or refinance a debt against the Property. Defendants the Stinsons and the Halls executed and delivered the Deeds of Trust conveying the Property in trust as collateral to secure payment and performance of the separate obligations created under the terms and conditions of the Note, Deed of Trust, and Deed of Trust to Secure Assumption.

21. Plaintiff seeks to judicially foreclose the Property encumbered by the Deed of Trust in accordance with its terms. Defendants and all persons taking an interest in the encumbered Property should be divested of all right, title, and interest in the Property after the foreclosure sale.

22. All conditions precedent to Plaintiff's recovery have been performed, have occurred, or have been waived.

## V.

### ATTORNEYS' FEES

23. In connection with its claims, Plaintiff seeks to recover its reasonable and necessary attorneys' fees. Defendants the Stinsons agreed to pay Plaintiff, as the holder of the Note and Deed of

Trust, all costs and expenses (including reasonable attorneys' fees and legal expenses) incurred by Plaintiff in connection with the enforcement of Plaintiff's rights in relation to the Note and Deed of Trust. Pursuant to the terms of the Note and Deed of Trust, Plaintiff is entitled to recover its reasonable attorneys' fees for the services rendered in instituting and prosecuting this action.

24. All conditions precedent to Plaintiff's recovery of attorneys' fees have been performed, have occurred, or have been waived.

WHEREFORE, Plaintiff requests that Defendants J.C. Hall a/k/a John C. Hall, Kelly Hall, Gain G. Stinson, Georgann G. Stinson, Department of the Treasury-Internal Revenue Service, Texas Workforce Commission, Trinity Valley Foods, Inc., CA New Plan Fixed Rate Partnership, L.P., Earl Gordon, Midland Funding, LLC Assignee of Aspire Visa, Patrick O'Connor & Associates, LLP be cited to appear and answer herein and that, upon final hearing, Plaintiff have and recover a judgment against Defendants that its lien is superior and for judicial foreclosure, plus interest and attorneys' fees, and all costs of suit. Plaintiff further requests such other and further relief to which it may be entitled.

Respectfully submitted,

By: */s/ Brenda A. Hard-Wilson*

Brenda A. Hard-Wilson / State Bar No. 24059893
Michael Burns / State Bar No. 24054447

Buckley Madole, P.C.
14841 Dallas Parkway, Suite 425
Dallas, Texas 75254
(214) 550-4061 / (214) 550-4061 (Fax)
Brenda. Hard-Wilson@BuckleyMadole.com

*Counsel for the Plaintiff*