IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK AS SERVICING AGENT FOR THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR NAAC REPERFORMING LOAN REMIC TRUST CERTIFICATES SERIES 2004-R1<br><br>*Plaintiff*,<br><br>v.<br><br>J.C. HALL a/k/a JOHN C. HALL; KELLY HALL; GAIN G. STINSON;.GEORGANN G. STINSON; DEPARTMENT OF THE TREASURY—INTERNAL REVENUE SERVICE; TEXAS WORKFORCE COMMISSION; TRINITY VALLEY FOODS, INC., CA NEW PLAN FIXED RATE PARTNERSHIP, L.P.; EARL GORDON; MIDLAND FUNDING, LLC ASSIGNEE OF ASPIRE VISA; PATRICK O'CONNOR & ASSOCIATES, LLP<br><br>*Defendants.* | §§§§§§§§§§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 3:16-CV-2424-N |

BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION FOR DEFAULT AND SUMMARY JUDGMENT

Plaintiff Wells Fargo Bank as servicing agent for the Bank of New York Mellon f/k/a the Bank of New York as trustee for NAAC Reperforming Loan REMIC Trust Certificates Series 2004-R1 ("Wells Fargo") files this Brief in Support of Plaintiff's Motion for Default and Summary Judgment, and respectfully shows the Court as follows:

## I. CASE HISTORY

Plaintiff brought this suit on August 19, 2016, seeking to foreclose a lien encumbering the property located 346 Beltwood Place, Desoto, Texas 75115 ("Property"). Dkt. 1. Plaintiff filed its Third Amended Complaint on August 30, 2019. Dkt. 63. J.C. Hall a/k/a John C. Hall and Kelly Hall are the only remaining active defendants, having filed their answer on September 13, 2019. Dkt. 5. A stipulation of dismissal as to defendants Gain G. Stinson and Georgann G. Stinson was entered on August 31, 2017. Dkt. 37. The Court signed Agreed Judgments as to the following defendants: Patrick O'Connor & Associates, LLP, (Dkt. 40); Earl Gordon (Dkt. 47; and Department of the Treasury – Internal Revenue Service (Dkt. 48). The following defendants have not answered or otherwise appeared and have had an entry of default entered against each of them: Texas Workforce Commission; Trinity Valley Foods, Inc.; CA New Plan Fixed Rate Partnership, LP; and Midland Funding, LLC assignee of Aspire Visa. Dkt. 27. Plaintiff now moves for a final judgment on its sole cause of action for foreclosure of lien encumbering the Property.

## II. SUMMARY JUDGMENT EVIDENCE

In support of this motion, Plaintiff relies upon and incorporates by reference the following true and correct evidence that is contemporaneously filed as Appendix in Support of Plaintiff's Motion for Default and Summary Judgment:

<u>Exhibit A:</u>    Affidavit of Sherri W. McManus
    <u>Exhibit A-1:</u>  Note dated May 19, 1987;
    <u>Exhibit A-2:</u>  Deed of Trust recorded May 26, 1987;
    <u>Exhibit A-3:</u>  Assignments of the Deed of Trust;
    <u>Exhibit A-4:</u>  Warranty Deed dated May 19, 1995;
    <u>Exhibit A-5:</u>  Deed of Trust to Secure Assumption recorded May 24, 1995;
    <u>Exhibit A-6:</u>  Notices of Default dated July 5, 2012;
    <u>Exhibit A-7:</u>  Notices of Default dated August 25, 2015; and,
    <u>Exhibit A-8:</u>  Payoff Statement good through October 31, 2019.

### III.   STATEMENT OF FACTS

On or about May 19, 1987, Gain G. Stinson and Georgann G. Stinson ("the Stinsons") executed a Deed of Trust Note (the "Note") in the principal amount of $89,579.00 in favor of Old Stone Mortgage Corporation ("Old Stone"). Ex. A ¶ 4; Ex. A-1. Concurrently with the execution of the Note, the Stinsons also executed a Deed of Trust ("Deed of Trust") (collectively the Note and Deed of Trust are the "Loan"), as grantors, granting Old Stone a secured interest in the Property. Ex. A ¶ 5; Ex. A-2. The property is more particularly described as follows:

> LOT 8, BLOCK B, CREEK TREE ESTATES, PHASE IV, AN ADDITION IN THE CITY OF DESOTO, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 85166, PAGE 2180, MAP RECORDS, DALLAS COUNTY, TEXAS.

Ex. A ¶ 4; Ex. A ¶ 5; Ex. A-2. Plaintiff is the current beneficiary of the Deed of Trust pursuant to the series of assignments originating from Old Stone. Ex. A ¶ 6; Ex. A-3.

On or about May 19, 1995, the Stinsons sold the property to Defendants J.C. Hall a/k/a John C. Hall and Kelly Hall (the "Halls"). Ex. A ¶ 7; Ex. A-4. Contemporaneously with the sale of the Property, the Halls executed a Deed of Trust to Secure Assumption, assuming the Note and Deed of Trust executed by the Stinson and naming the Stinsons as Beneficiary. Ex. A ¶ 8; Ex. A-5.

The Halls have defaulted on their obligations to Plaintiff under the Note, the Deed of Trust, and the Deed of Trust to Secure Assumption by failing to make timely payments under the Note's terms. Notice of default was provided to the Halls. Ex. A ¶¶ 9-10; Ex. A-6; Ex. A-7. The timeline to cure has passed and the Note remains due and payable for the May 1, 2011, payment and every payment that has become due since May 1, 2011. Ex. A ¶ 11; Ex. A-8. Through October 31, 2019, the total amount owed under the terms of the Note and Deed of Trust was $207,987.90 and interest and other charges continue to accrue while the loan is in default. Ex. A ¶ 11; Ex. A-8.

## IV. DEFAULT JUDGMENT

Rule 55 authorizes an entry of default judgment when a properly noticed party fails to appear in a case, appears but fails to file a pleading, or "fail[s] to . . . otherwise defend" the lawsuit. FED. R. CIV. P. 55(a).  In considering a motion for default judgment, a court accepts as true the well-pleaded allegations of facts in the complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

An Order of Default has been entered against Defendants Texas Workforce Commission; Trinity Valley Foods, Inc.; CA New Plan Fixed Rate Partnership, LP; and Midland Funding, LLC assignee of Aspire Visa ("Defaulting Defendants").  Dkt. 27.  Plaintiff now asks the Court to render a default judgment against Defaulting Defendants because they have not filed a responsive pleading or otherwise defended the claims against them, constituting an admission by the Defaulting Defendants as to all allegations in Plaintiff's Third Amended Complaint.  Thus, Plaintiff is entitled to a default judgment on liability and damages.  Plaintiff does not seek monetary damages against Defaulting Defendants, rather a judgment allowing foreclosure of the Property.  Therefore, no hearing is necessary to establish the amount of Plaintiff's damages.

## V. SUMMARY JUDGMENT

### A. STANDARD OF REVIEW.

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(A); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  When ruling on a motion for summary judgment, the court

is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000); *Anderson*, 477 U.S. at 254-55.

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## B. PLAINTIFF IS ENTITLED TO A JUDGMENT ALLOWING JUDICIAL FORECLOSURE.

In Texas, a party seeking to foreclose on real property secured by a security instrument with a power of sale has the option either to sell property in a non-judicial foreclosure in accordance with powers expressly granted in a deed of trust, or to bring a judicial foreclosure action. *Phillips v. Chas. Schreiner Bank*, 894 F.2d 127, 129 n.1 (5th Cir. 1990); TEX. PROP. CODE § 51.002; *see also Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ) (citation omitted) (explaining that a foreclosure sale may be instituted either by a judgment

of the court or by a valid exercise of a power contained in a deed of trust); *In re Erickson*, 566 F. App'x 281, 284 (5th Cir. 2014) (finding the trustee had a right to pursue judicial foreclosure as a remedy independent of its contractual right to pursue non-judicial foreclosure under the power of sale in the deed of trust). In its pursuit of judicial foreclosure, the party must demonstrate "(1) the existence of a note secured by real property; (2) that some part of the note is due and unpaid; and (3) that the real property subject to the lien is the same property that it seeks to foreclose." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 3:14-CV-2589-M-BN, 2016 U.S. Dist. LEXIS 63714, 2016 WL 2856006, at *3 (N.D. Tex. Apr. 18, 2016), recommendation adopted, 2016 U.S. Dist. LEXIS 63605, 2016 WL 2853565 (N.D. Tex. May 13, 2016), appeal dismissed (July 20, 2016) (citing *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet.)). "The court may order judicial foreclosure upon proof 'establishing the debt and fixing the lien.'" *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017) (per curiam) (quoting *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ)); *see also* TEX. R. CIV. P. 309.  Prior to foreclosing under a deed of trust, there must also be evidence that notice of default, acceleration, and foreclosure were issued in accordance with Texas statutory requirements. *U.S. Bank Nat. Ass'n. v. Davis*, No. A-13-CV-1090-LY-ML, 2015 U.S. Dist. LEXIS 69145, 2015 WL 3443473, at *5 (W.D. Tex. May 28, 2015), recommendation adopted by 2015 U.S. Dist. LEXIS 182971, 2015 WL 11545016 (W.D. Tex. July 6, 2015) (citing TEX. PROP. CODE § 51.002(b)).

The Note and Deed of Trust were executed by the Stinsons.  Ex. A-1; Ex. A-2.  The Deed of Trust encumbers the Property, and is secured by the Note.  Ex. A-1; Ex. A-2.  The Stinsons sold the property to the Halls and the Halls assumed the Note and Deed of Trust.  Ex. A-4; Ex. A-5. The Bank of New York Mellon f/k/a the Bank of New York as trustee for NAAC Reperforming

Loan REMIC Trust Certificates Series 2004-R1is the mortgagee of record of the Deed of Trust, and is entitled to enforce the terms of the Note and Deed of Trust. Ex. A-3. Wells Fargo, as the servicer of the Loan, is authorized to conduct the foreclosure. Ex. A ¶ 3; *see* TEX. PROP. CODE § 51.0025.

Notices of default were mailed to the Halls on or about July 5, 2012. Ex. A-6. Notices of default were mailed to the Stinsons on or about August 25, 2015. Ex. A-10. Acceleration of the loan occurred upon the filing of this lawsuit. *See Smither v. Ditech Fin., LLC*, 681 Fed. App'x 347, 352 (5th Cir. 2017) ("[N]otice of acceleration may take the form of the filing of a foreclosure action."). The Loan is in default, and the default has not been cured. Ex. A ¶ 11. As of October 31, 2019, there was $207,987.90 due and owing under the terms of the Loan and interest (at the rate of $459.94 per month) and other charges continue to accrue while the loan is in default. *Id.*; Ex. A-8. Accordingly, Plaintiff is entitled to a judgment allowing foreclosure of its lien against the Property.

Plaintiff is also entitled to recover its reasonable attorney's fees and costs pursuant to the terms of the Loan, the amount of which will be added to the total amount due and owing. Ex. A-1; Ex. A-2. Accordingly, Plaintiff is entitled to an order allowing attorney's fees in an amount to be determined by subsequent motion.

## VI.  CONCLUSION

There is no genuine issue of material facts. The evidence shows that the Deed of Trust encumbers the Property, that the Note secures the Deed of Trust against the Property, and that Plaintiff is the proper party to enforce the terms of the Loan. The evidence further shows that the Loan is in default and remains due and unpaid. Plaintiff is entitled to a judgment allowing it to judicially foreclose its lien against the Property.

## VII.     PRAYER

**WHEREFORE**, Plaintiff respectfully requests that the Court grant its Motion for Default and Summary Judgment by signing the Final Summary judgment and issue an order allowing Plaintiff to foreclosure on the Property.  Plaintiff further prays that the Court grant all other and further relief in law or in equity to which they may be entitled.

Dated: January 27, 2020.

<div style="margin-left:3em">

Respectfully Submitted,
**MCCARTHY & HOLTHUS, LLP**

*/s/ Brandon Hakari*
Brandon Hakari / TBN: 24107552
Yoshie Valadez / TBN: 24091142
1255 West 15th Street, Suite 1060
Plano, TX  75075
Phone: 214.291.3800
Fax: 214.291.3801
bhakari@mccarthyholthus.com
**ATTORNEYS FOR PLAINTIFF**

</div>

# CERTIFICATE OF SERVICE

I hereby certify that I submitted the foregoing to the clerk of the United States District Court, Northern District of Texas using the electronic case filing system of the Court, and that I served all counsel of record listed below in accordance with Federal Rule of Civil Procedure 5(b)(2) on January 27, 2020.

Thomas C. Barron
Law Offices of Thomas C. Barron
P.O. Box 141323
Dallas, Texas 75214
*Attorney for J.C. Hall and Kelly Hall*
**via CM/ECF**

Tami C Parker
U.S. Attorney's Office
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
*Attorney for Department of the Treasury – Internal Revenue Service*
**via CM/ECF**

Audrie L Lawton
Patrick O'Connor & Associates
2200 North Loop West Suite 200
Houston, TX  77018
*Attorney for Patrick O'Connor & Associates*
**via CM/ECF**

Earl Gordon
7605 McCallum Blvd
Dallas, Texas 75252
**via Certified Mail**

*/s/ Brandon Hakari*
Brandon Hakari